# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BAILEY, #M36586, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-00339-NJR ) |
| SGT. SMITH, C/O DEAN, C/O TOW, and C/O HERMAN, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James Bailey, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, which occurred while an inmate at Big Muddy River Correctional Center. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Initially, the Court notes that, although the body of the Complaint directs claims against several individuals, the case caption identifies only four defendants: Smith, Dean, Tow, and Herman.[1] Plaintiff makes the following allegations: On January 28, 2019, Plaintiff was involved in a dispute with his cellmate. (Doc. 1, p. 6). The dispute ended with Plaintiff being forced out of his cell by his cellmate with the door closed and locked behind him, resulting in Plaintiff being outside his cell at a prohibited time. *Id.* Plaintiff was escorted by a corrections officer to a different area of the building to be questioned regarding the incident. (Doc. 1, p. 7). Plaintiff was then handcuffed to be transferred. (Doc. 1, p. 8). While in the process of being transferred from the building, Plaintiff attempted to assist in opening the door to exit the building. The corrections officer escorting Plaintiff responded by putting him in a headlock, while other officers, including Herman, attempted to tackle Plaintiff to the ground. *Id.* Additional corrections officers arrived and pressed their knees into Plaintiff's back making it difficult for him to breath. *Id.* When Plaintiff informed the officers that he was unable to breath, corrections officers Dean, Tow, and Herman, and Sergeant Smith began to beat on him. (Doc. 1, pp. 10-11). Officers then placed leg irons on Plaintiff, and he was taken to the segregation unit. (Doc. 1, p. 11). Along the way, Smith continued to smack and punch Plaintiff. *Id.* Dean not only choked Plaintiff by pulling his shirt collar tight around his neck, but also continued to punch and smack Plaintiff along with Tow. *Id.* When Plaintiff informed Smith that he could not breath, Smith responded with a racial slur. *Id.* Plaintiff began to lose consciousness, but was smacked by Smith when he started to fall to the ground. *Id.* During the incident, Plaintiff's pants began to fall. (Doc. 1, p. 9). Dean grabbed his pants pulling them violently up causing pain and discomfort. *Id.* Dean then released the pants and both

---

[1] The Court will not treat parties not listed in the caption as defendants, and any claims against them re considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Plaintiff's pants and underwear fell around his ankles. *Id*. Plaintiff was then dragged with his pants and underwear still down to the segregation unit. *Id*.

The Complaint also includes brief allegations pertaining to (1) the denial of medical care following the excessive force incident; (2) the denial of showers; (3) the provision of spoiled milk; and (4) constant threats to Plaintiff's safety. (Doc. 1, p. 10). These claims, however, are not associated with any specific defendant.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

> **Count 1:** Eighth Amendment excessive force claim against Defendants Smith, Dean, Tow, and Herman for physically assaulting Plaintiff on January 28, 2019.
>
> **Count 2:** Eight Amendment deliberate indifference claim for refusing to treat Plaintiff's cuts and bruises incurred as a result of the excessive force incident on January 28, 2019.
>
> **Count 3:** Eighth Amendment claim regarding denying Plaintiff access to showers and giving Plaintiff spoiled milk.
>
> **Count 4:** Eighth Amendment claim regarding constant threats to Plaintiff's safety.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate

seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Because Plaintiff alleges that he was tackled, beaten, put in leg irons, and dragged to segregation exposed from the waist down as a response to attempting to open a door, the Complaint sets forth sufficient allegations to proceed on the excessive force claim of Count 1.

**Counts 2-4**

Counts 2, 3, and 4 will be dismissed for failure to state a claim upon which relief may be granted. The Court finds it unnecessary to delve into the merits of Plaintiff's allegations at this time, as he has failed to associate specific defendants with these claims and include sufficient factual details. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). To state a claim against a defendant, Plaintiff must describe what each named defendant did, or failed to do, that violated Plaintiff's constitutional rights. Plaintiff has failed to associate these claims with any of the named defendants. The defendants listed in the Complaint appear to only be involved in the Plaintiff's claim of excessive force. Accordingly, these claims are dismissed without prejudice.

**MOTION FOR SERVICE OF PROCESS**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot, as Plaintiff has been granted leave to proceed *in forma pauperis*.

**MOTION FOR RECRUITMENT OF COUNSEL**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff discloses no efforts to locate counsel on his own. He also cites no impediments to self-representation, other than a limited knowledge of the law.

Plaintiff appears capable of litigating this matter *pro se*, given his coherent pleadings and straightforward claim. He may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own.

**DISPOSITION**

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice, and the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that **Count 1** will proceed against **Smith, Dean, Tow,** and **Herman.**

**IT IS FURTHER ORDERED** that **Counts 2, 3, and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Smith, Dean, Tow,** and **Herman**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 12, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.